UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

Plaintiff,

v.

ETHOS TECHNOLOGIES INC.,
ANTHONY AISAR SAADO, and
DOE TELEMARKETERS 1-10,

Defendants.

Case: **2:26-cv-10375**
Assigned To : **Grey, Jonathan J.C.**
Referral Judge: **Patti, Anthony P.**
Assign. Date : **2/3/2026**
Description: **CMP DOBRONSKI v.
ETHOS TECHNOLOGIES INC. (MC)**

---

## COMPLAINT

Plaintiff MARK W. DOBRONSKI, appearing *in propria persona*, for his complaint against Defendants ETHOS TECHNOLOGIES INC. ("Ethos"), ANTHONY AISAR SAADO ("Saado"), and DOE TELEMARKETERS 1-10 ("Doe Defendants") (collectively, "Defendants"), alleges as follows:

### INTRODUCTION

1.     This action seeks statutory damages and injunctive relief arising under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Michigan Home Solicitation Sales Act ("MHSSA"), M.C.L. § 445.111, *et seq.*, the Michigan Telephone Companies as Common Carriers Act ("MTCCCA"), M.C.L. § 484.101, *et seq.*, and the Michigan Consumer Protection Act ("MCPA"), M.C.L. § 445.901, *et*

1

*seq.*, from Defendants' repeated initiation of unlawful telemarketing communications – including telephone calls and SMS text messages – directed to Plaintiff's residential telephone numbers to induce Plaintiff to complete and/or submit a life-insurance application and/or purchase life-insurance products marketed under or through Ethos.

2. Plaintiff did not request these solicitations, did not provide prior express consent (and where required, prior express written consent), and did not have an established business relationship with Defendants.

3. Plaintiff's telephone numbers were listed on the National Do-Not-Call Registry long before the communications at issue, and Plaintiff expressly demanded that Defendants stop calling – yet Defendants continued to contact Plaintiff.

4. Defendants further concealed, dodged, or refused to provide legally required identifying information, and deployed templated text messages and link-based verification workflows tied to Ethos systems and domains.

**PARTIES**

5. Plaintiff MARK W. DOBRONSKI is a natural person of the age of majority, a citizen of the United States, domiciled in Orange County, Florida, and additionally maintains a residence in Washtenaw County, Michigan.

6. Defendant ETHOS TECHNOLOGIES INC. ("Ethos") is a corporation organized and existing under the laws of Delaware, that is registered and qualified to do business in Michigan, with a principal business address of 1606 Headway Circle,

Austin, Texas 78754.

7. Ethos is engaged in the marketing and sale of life insurance products throughout the United States, including Michigan, and uses agents and lead-generation/telemarketing channels to solicit consumers.

8. Defendant ANTHONY AISAR SAADO ("Saado") is a natural person of the age of majority, and resides at 42841 North Hampton Drive, Sterling Heights, Michigan 48314-2813.

9. Saado is a licensed insurance producer and, upon information and belief, acted as an agent for Ethos in connection with the solicitations alleged herein.

10. Does Telemarketers 1-10 are persons or entities whose true identities are presently unknown, but who designed, supplied, operated, controlled, authorized, ratified, or substantially assisted the telemarketing at issue.

11. Plaintiff will amend this complaint to substitute the true names of the Doe Defendants when discovered.

## JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

13. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

14. This Court has personal jurisdiction over Defendants because

Defendants purposefully directed unlawful telemarketing calls into Michigan, causing tortious injury within this District.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the unlawful calls were received by Plaintiff at his residence in Washtenaw County, Michigan.

## FACTUAL ALLEGATIONS

16. Plaintiff maintains a residential telephone number ending in *000 ("Plaintiff's *000 Number"), which he uses primarily for personal, family, and household purposes.

17. Plaintiff's *000 Number is assigned to a service for which Plaintiff is charged on a per-call and per-minute basis.

18. Plaintiff's *000 Number is listed on the National Do-Not-Call Registry, and has been so listed since May 27, 2022.

19. Plaintiff maintains a residential telephone number ending in *212 ("Plaintiff's *212 Number"), which he uses primarily for personal, family, and household purposes.

20. Plaintiff's *212 Number is assigned to a service for which Plaintiff is charged on a per-call and per-minute basis.

21. Plaintiff's *212 Number is listed on the National Do-Not-Call Registry, and has been so listed since June 29, 2003.

22. At no time relevant hereto did Plaintiff request, consent, permit, or authorize Defendants (or anyone acting on their behalf) to contact Plaintiff via telephone solicitation or telemarketing.

23. At no time relevant hereto did Plaintiff provide "prior express consent" or "prior express written consent" (as defined by the TCPA and interpreted by the FCC) for any Defendant (or anyone acting on their behalf) to initiate telemarketing calls or texts to Plaintiff.

24. At no time relevant hereto did Plaintiff have an "established business relationship" with Defendants.

25. Plaintiff is the customary user of the called telephone lines, was the actual recipient of the calls and texts described herein, and suffered nuisance, invasion of privacy, and other harms from the communications.

### Call 1

26. On December 23, 2025, at approximately 5:08 P.M., Defendants or Defendants' agent initiated a telephone call to Plaintiff's *000 Number.

27. The caller identification number displayed was 978-684-3993, and the caller identification name displayed was ANDOVER MA.

28. Upon answering, Plaintiff noted a click sound followed by approximately 3 seconds of silence, followed by a male speaking who commenced by stating "Merry Christmas, how are you doing?  Have you received any gift card

from the company side?" The male stated Plaintiff would be receiving a gift card from the life insurance company and said he was transferring Plaintiff to another person.

29. The call was then transferred to another male who identified himself as "Aden Brown... your life insurance coordinator."

30. Plaintiff believes "Aden Brown" is a pseudonym and shall be deemed one of the Doe Defendants.

31. "Brown" provided a call back number of 318-708-8176.

32. "Brown" stated that he was with Ethos.

33. "Brown" began reciting personal information regarding Plaintiff, including name, address, date of birth, Social Security Number, spouse's name, prescription medications, and banking information.

34. Plaintiff told "Brown" he had to leave and terminated the call.

35. At no time during the call did Plaintiff provide Plaintiff's *000 Number.

<u>Call 2</u>

36. On December 23, 2025, at approximately 5:18 P.M., Defendants or Defendants' agent initiated a telephone call to Plaintiff's *000 Number.

37. The caller identification number displayed was 318-708-8176, and the caller identification name displayed was MINDEN LA.

38. Upon Plaintiff answering the incoming call, Plaintiff noted

6

approximately three seconds of silence, and then was again speaking with "Aden Brown."

39. Plaintiff expressed outrage that "Brown" called again after Plaintiff said he had to leave.

40. "Brown" claimed he "only need two minutes of your time."

41. Plaintiff asked for "Brown's" company name; "Brown" dodged the question by stating that he "works with 40 insurance companies."

42. Plaintiff asked for "Brown's" address; "Brown" refused.

43. Plaintiff asked for "Brown's" call back number; "Brown" provided 318-708-8176.

44. Plaintiff expressly told "Brown," "don't call me again," and the call terminated.

45. Immediately upon terminating the call, Plaintiff dialed the telephone number provided by Brown, 318-708-8176 in an attempt to identify the sender. "Brown" answered and stated he was sending Plaintiff a text message link, even though Plaintiff did not request any text or provide consent.

<u>Call 3</u>

46. On December 23, 2025, at approximately 5:21 P.M., Defendants or Defendants' agent initiated a telephone call to Plaintiff's *000 Number.

47. The caller identification number displayed was 318-708-8176, and the

caller identification name displayed was MINDEN LA.

48. The call rang once and terminated without being answered; the total duration of the call from time of call initiation until termination was approximately 7 seconds.

## Call 4

49. On December 23, 2025, at approximately 5:22 P.M., an SMS text message was sent from caller-ID 415-799-2499 to Plaintiff's *000 Number, as follows:

> To begin your life insurance application through Ethos, please review the following documents to ensure your understanding and consent to them in order to proceed with your application: https://itbl.co/meE~LoHIu Msg&data rates may apply. Text 'STOP' to quit.

## Call 5

50. On December 23, 2025, at approximately 5:23 P.M., Defendants or Defendants' agent initiated a telephone call to Plaintiff's *000 Number.

51. The caller identification number displayed was 318-708-8176, and the caller identification name displayed was MINDEN LA.

52. Plaintiff did not answer the call.

## Call 6

53.    On December 23, 2025, at approximately 5:25 P.M., Defendants or Defendants' agent initiated a telephone call to Plaintiff's *000 Number.

54.    The caller identification number displayed was 318-708-8176, and the caller identification name displayed was MINDEN LA.

55.    Plaintiff did not answer the call.

## Call 7

56.    On December 23, 2025, at approximately 5:26 P.M., Defendants or Defendants' agent initiated a telephone call to Plaintiff's *000 Number.

57.    The caller identification number displayed was 318-708-8176, and the caller identification name displayed was MINDEN LA.

58.    Plaintiff did not answer the call.

## Call 8

59.    On December 30, 2025, at approximately 1:01 P.M., Defendants or Defendants' agent initiated a telephone call to Plaintiff's *000 Number.

60.    The caller identification number displayed was 318-708-8176, and the caller identification name displayed was MINDEN LA.

61.    The call rang once and terminated without being answered; the total duration of the call from time of call initiation until termination was 6 seconds.

Call 9

62.     On January 2, 2026, at approximately 10:29 A.M., Defendants or Defendants' agent initiated a telephone call to Plaintiff's *000 Number.

63.     The caller identification number displayed was 318-708-8176, and the caller identification name displayed was MINDEN LA.

64.     The call rang once and terminated without being answered; the total duration of the call from time of call initiation until termination was 5 seconds.

Call 10

65.     On January 17 2026, at approximately 3:59 P.M., Defendants or Defendants' agent initiated a telephone call to Plaintiff's *212 Number.

66.     The caller identification number displayed was 586-303-5701, and the caller identification name displayed was SAADO PARTY STO.

67.     Plaintiff was occupied at the time and did not answer the call.

Call 11

68.     On January 17 2026, at approximately 4:00 P.M., Defendants or Defendants' agent initiated a telephone call to Plaintiff's *212 Number.

69.     The caller identification number displayed was 586-303-5701, and the caller identification name displayed was SAADO PARTY STO.

70.     Plaintiff was occupied at the time and did not answer the call.

10

Call 12

71.   On January 17 2026, at approximately 4:04 P.M., Defendants or Defendants' agent initiated a telephone call to Plaintiff's *212 Number.

72.   The caller identification number displayed was 586-303-5701, and the caller identification name displayed was SAADO PARTY STO.

73.   Plaintiff was occupied at the time and did not answer the call.

Call 13

74.   On January 19, 2026, at approximately 7:50 P.M., Defendants or Defendants' agent initiated a telephone call to Plaintiff's *212 Number.

75.   The caller identification number displayed was 586-303-5701, and the caller identification name displayed was SAADO PARTY STO.

76.   Upon answering, Plaintiff heard approximately 5 seconds of silence, after which a male identified himself as "Tony with the Insurance Division, calling in reference to your active life insurance policy with American Life."

77.   "Tony" stated that he was calling in reference to a "courtesy requirement" to check Plaintiff's address, and that Plaintiff's policy would be upgraded due to payments, good health, and non-smoking status.

78.   "Tony" then started reciting personal identifying information regarding Plaintiff and wanted Plaintiff to verify the information.

79.   "Tony" disclosed his name as being Anthony Saado.

80. Tony then stated that "they went ahead and sent you a verification link from Ethos."

81. On January 19, 2026, at 8:00 P.M., Plaintiff received an email from accounts@policy.ethoslife.com.

82. Tony directed Plaintiff to click a "Sign and submit" button in the email. Plaintiff did NOT press the "sign and submit" button.

83. At no time during the call did Plaintiff provide Plaintiff's *212 Number.

Call 14

84. On January 19, 2026, at approximately 8:01 P.M., an SMS text message was sent from caller-ID 415-799-2499 to Plaintiff's *212 Number, as follows:

> To begin your life insurance application through Ethos, please review the following documents to ensure your understanding and consent to them in order to proceed with your application:
> https://itbl.co/meE~m9lkH
> Reply STOP to unsubscribe.

Call 15

85. On January 19, 2026, at approximately 8:07 P.M., an SMS text message was sent from caller-ID 415-799-2499 to Plaintiff's *212 Number, as follows:

> To begin your life insurance application through Ethos, please review the following documents to ensure your understanding and consent to them in order to proceed with your application: https://itbl.co/meE~FGVdN Reply STOP to unsubscribe.

### Call 16

86. On January 20, 2026, at approximately 3:18 P.M., Defendants or Defendants' agent initiated a telephone call to Plaintiff's *212 Number.

87. The caller identification number displayed was 586-303-5701, and the caller identification name displayed was SAADO PARTY STO.

88. Plaintiff was occupied at the time and did not answer the call.

### Call 17

89. On January 20, 2026, at approximately 3:20 P.M., Defendants or Defendants' agent initiated a telephone call to Plaintiff's *212 Number.

90. The caller identification number displayed was 586-303-5701, and the caller identification name displayed was SAADO PARTY STO.

91. Plaintiff was occupied at the time and did not answer the call.

### Call 18

92. On January 20, 2026, at approximately 3:21 P.M., Defendants or

Defendants' agent initiated a telephone call to Plaintiff's *212 Number.

93. The caller identification number displayed was 586-303-5701, and the caller identification name displayed was SAADO PARTY STO.

94. Plaintiff was occupied at the time and did not answer the call.

### Call 19

95. On January 20, 2026, at approximately 3:25 P.M., Defendants or Defendants' agent initiated a telephone call to Plaintiff's *212 Number.

96. The caller identification number displayed was 586-303-5701, and the caller identification name displayed was SAADO PARTY STO.

97. Plaintiff was occupied at the time and did not answer the call.

### Call 20

98. On January 20, 2026, at approximately 3:34 P.M., Defendants or Defendants' agent initiated a telephone call to Plaintiff's *212 Number.

99. The caller identification number displayed was 586-303-5701, and the caller identification name displayed was SAADO PARTY STO.

100. Plaintiff was occupied at the time and did not answer the call.

### Call 21

101. On January 20, 2026, at approximately 4:07 P.M., Defendants or Defendants' agent initiated a telephone call to Plaintiff's *212 Number.

102. The caller identification number displayed was 586-303-5701, and the

caller identification name displayed was SAADO PARTY STO.

103.   Plaintiff was occupied at the time and did not answer the call.

Call 22

104.   On January 20, 2026, at approximately 4:11 P.M., Defendants or Defendants' agent initiated a telephone call to Plaintiff's *212 Number.

105.   The caller identification number displayed was 586-303-5701, and the caller identification name displayed was SAADO PARTY STO.

106.   Plaintiff was occupied at the time and did not answer the call.

Call 23

107.   On January 20, 2026, at approximately 4:46 P.M., Defendants or Defendants' agent initiated a telephone call to Plaintiff's *212 Number.

108.   The caller identification number displayed was 586-303-5701, and the caller identification name displayed was SAADO PARTY STO.

109.   Upon answering, Plaintiff noted approximately 7 seconds of silence, and then Plaintiff again was speaking with Saado.

110.   Plaintiff confronted Saado regarding how he obtained Plaintiff's telephone number to call. Saado stated, in substance, that he is an agent for Ethos; Ethos provides him with computer systems, software, and leads; and Saado reaches out to the persons for whom he has been provided leads.  Saado further stated his "lead" was an "aged lead" based upon an alleged inquiry made a year or more ago.

15

## Additional Allegations

111.   Plaintiff never released Plaintiff's telephone numbers to Defendants in any manner that would constitute knowing or voluntary consent to receive telemarketing calls.

112.   As to the voice telephone calls, each such call exhibited a pause and delay after the call was answered but before the calling party was connected to the conversation, which is a hallmark characteristic of the use of an automatic telephone dialing system.

113.   Each SMS text message is deemed a "call" within the meaning of the TCPA.

114.   Defendants' repeated and patterned calling and templated texts show the use of automated dialing and/or automated message transmission systems capable of mass dissemination without meaningful human intervention.

115.   Upon information and belief, Defendants used an automated dialing and messaging platform that stored and produced telephone numbers to be called (including from lead lists), and automatically placed and transmitted templed SMS messages at scale without meaningful human intervention.

116.   The SMS messages were generic, impersonal, pre-written, and link-driven, consistent with automated telemarketing workflows.

117.   The SMS text messages each constitute a recorded message because they

consist of fixed, stored content created in advance and delivered through automated telecommunication systems without contemporaneous human composition.

118. Defendants' agents refused to provide basic identifying information when asked (including the entity on whose behalf the call was made and an address), and terminated or avoided disclosures when Plaintiff requested that information.

119. Defendants' concealment and misdirection were deliberate and designed to evade customer complaints and enforcement.

120. Plaintiff's injuries occurred when Defendants initiated the unsolicited calls and texts, invading Plaintiff's privacy, consumer paid telephone resources, seizing Plaintiff's telephone line, and requiring Plaintiff to spend time and effort to identify Defendants.

121. Defendants acted in concert, as agents, co-conspirators, joint venturers, and/or participants in a common enterprise to design, deploy, and profit from the unlawful telemarketing campaigns.

122. Ethos is vicariously liable for the telemarketing acts of Saado and the Doe Defendants because they acted with Ethos' actual or apparent authority, and/or Ethos knowingly accepted the benefits of the unlawful solicitations and ratified the conduct, including through use of Ethos-branded text content and Ethos email systems and by continuing the campaign absent consent.

123. Defendants' conduct reflects a conscious and deliberate disregard of

17

federal and state consumer-protection laws.

## CLAIMS FOR RELIEF

### COUNT I
### TCPA - 47 C.F.R. § 64.1200(a)(1)(iii)

124.   Plaintiff incorporates by reference paragraphs 1 through 123 as if fully set forth herein.

125.   Each of Calls 1 through 23 violated the TCPA, specifically 47 C.F.R. § 64.1200(a)(1)(iii), as Defendants initiated calls when there was no emergency purpose and without prior express consent of the called party using an automatic telephone dialing system to a telephone number assigned to a service for which the called party is charged for the call.

126.   Defendants' violations were willful or knowing.

### COUNT II
### TCPA - 47 C.F.R. § 64.1200(a)(2)

127.   Plaintiff incorporates by reference paragraphs 1 through 123 as if fully set forth herein.

128.   Each of Calls 1 through 23 violated the TCPA, specifically 47 C.F.R. § 64.1200(a)(2), as Defendants initiated calls that constitute telemarketing using an automatic telephone dialing system to a telephone number assigned to a service for which the called party is charged for the call without the prior express written consent of the called party.

18

129.   Defendants' violations were willful or knowing.

## COUNT III
### TCPA - 47 C.F.R. § 64.1200(a)(6)

130.   Plaintiff incorporates by reference paragraphs 1 through 123 as if fully set forth herein.

131.   Each of Calls 3, 8, and 9 violated the TCPA, specifically 47 C.F.R. § 64.1200(a)(6), as Defendants disconnected an unanswered telemarketing call prior to at least 15 seconds or four (4) rings.

132.   Defendants' violations were willful or knowing.

## COUNT IV
### TCPA - 47 C.F.R. § 64.1200(c)(2)

133.   Plaintiff incorporates by reference paragraphs 1 through 123 as if fully set forth herein.

134.   Each of Calls 1 through 23 violated the TCPA, specifically 47 C.F.R. § 64.1200(c)(2), as Defendants initiated calls to a residential telephone subscriber who has registered his telephone numbers on the national do-not-call registry without the subscriber's prior express invitation or permission.

135.   Defendants' violations were willful or knowing, including because Plaintiff expressly demanded "don't call me again," yet Defendants continued the campaign.

19

## COUNT V
### TCPA - 47 C.F.R. § 64.1200(d)(3)

136. Plaintiff incorporates by reference paragraphs 1 through 123 as if fully set forth herein.

137. Each of Calls 2 through 23 violated the TCPA, specifically 47 C.F.R. § 64.1200(d)(3), as Defendants failed to record and honor Plaintiff's do-not-call request.

138. Defendants' violations were willful and/or knowing.

## COUNT VI
### TCPA - 47 C.F.R. § 64.1200(d)(4)

139. Plaintiff incorporates by reference paragraphs 1 through 123 as if fully set forth herein.

140. Each of Calls 1 through 23 violated the TCPA, specifically 47 C.F.R. § 64.1200(d)(4), as Defendants failed to provided required identifying information at the beginning of telephone solicitations, including the name of the entity on whose behalf the call was being made and a telephone number or address at which that entity may be contacted.

141. Defendants' violations were willful and/or knowing, including because Defendants refused to provide basic identifying information and used misleading or evasive representations when Plaintiff expressly asked.

20

## COUNT VII
## TCPA - 47 C.F.R. § 64.1601(e)

142.   Plaintiff incorporates by reference paragraphs 1 through 123 as if fully set forth herein.

143.   Each of Calls 1 through 23 violated the TCPA, specifically 47 C.F.R. § 64.1601(e), as Defendants initiated calls which failed to transmit caller identification information including the name of the seller or telemarketer.

144.   Defendants' violations were willful or knowing.

## COUNT VIII
## MHSSA

145.   Plaintiff incorporates by reference paragraphs 1 through 123 as if fully set forth herein.

146.   Each of Calls 1 through 23 violated the MHSSA, specifically M.C.L. § 445.111a(4), as Defendants made telephone solicitations to a residential telephone subscriber whose name and residential telephone numbers are on the then-current version of that do-not-call list; and/or M.C.L. § 445.111b(1), as Defendants' telephone solicitor failed, at the beginning of the telephone solicitations, to state his or her name and the full name on behalf of the organization on whose behalf the call was initiated; and/or  M.C.L. § 445.111c(1)(c), as Defendant's telephone solicitor made false or misleading statements (including misrepresentations about an "active" policy with "American Life"); and/or M.C.L. § 445.111c(1)(g), as Defendant's made

a telephone solicitation to a consumer in this state who has requested that he not receive calls from the organization on whose behalf the telephone solicitation is made.

## COUNT IX
## MTCCCA

147. Plaintiff incorporates by reference paragraphs 1 through 123 as if fully set forth herein.

148. Each of Calls 4, 14, and 15 violated the MTCCCA, specifically M.C.L. § 484.125(2)(a), as Defendants used a telephone line to contact Plaintiff at Plaintiff's numbers to deliver recorded messages for the purpose presenting commercial advertising without the subscriber having requested, consented, permitted, or authorized the contact.

## COUNT X
## MCPA

149. Plaintiff incorporates by reference paragraphs 1 through 123 as if fully set forth herein.

150. Each of Calls 1 through 23 violated the MCPA, specifically M.C.L. 445.903(1), as Defendants engaged in unfair, unconscionable, and/or deceptive acts in trade or commerce, including: misrepresenting that Plaintiff had an active life insurance policy required an updated, and misrepresenting the nature and purpose of the call; concealing or refusing to disclose material information regarding the identity

of the business on whose behalf the solicitations were made; and using deceptive pretexting and link-driven workflows designed to induce Plaintiff to "sign and submit" an application.

151.   Plaintiff suffered ascertainable losses, including invasion of privacy, the expense incurred for each of the calls, wasted time, and investigative effort.

## PRAYER FOR RELIEF

WHEREFORE, the aforesaid premises considered, Plaintiff prays that this Court enter a judgment for Plaintiff and against the Defendants, and each of them jointly and severally, as follows:

A.   Damages:

    I.   Statutory damages for violations of the TCPA alleged:

| Count | Violations |
|-------|-----------|
| I | 23 |
| II | 23 |
| III | 3 |
| IV | 23 |
| V | 22 |
| VI | 23 |
| VII | 23 |

A total of 140 violations at $500.00 per violation, for damages of $70,000.00, which amount shall be trebled because the violations were willful and/or knowing, for total damages of $210,000.00.

    ii.   Statutory damages for violations of the MHSSA alleged at Count

23

VIII: 23 violations at $250.00 per violation, for damages of $5,750.00;

iii. Statutory damages for violations of the MTCCCA alleged at Count IX: 3 violations at $1,000.00 per violation, for damages of $3,000.00;

iv. Statutory damages for violations of the MCPA alleged at Count X: 23 violations at $250.00 per violation, for damages of $5,750.00.

The cumulative total amount of damages claimed in this action is $224,500.00, and in the event of default judgment is the sum certain damages amount that will be sought.

B. An award of Plaintiff's taxable costs and disbursements incurred in the filing and prosecution of this action;

C. An injunction enjoining Defendants from initiating any telephone calls to Plaintiff's telephone numbers.

D. Interest accruing from the date of filing until paid at the statutory rate; and,

E. Such other and further relief as this Court deems necessary, reasonable, prudent and proper under the circumstances.

Respectfully submitted,

Dated: January 30, 2026

_____

Mark W. Dobronski
Post Office Box 99
Dexter, Michigan 48130-0099
Telephone: (734) 641-2300
Email: markdobronski@yahoo.com
Plaintiff *In Propria Persona*

# PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?        ☐ Yes        ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.        Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)        ☐ Yes        ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

**Notes :**

*Mark W. Dobronski*

**POST OFFICE BOX 99**
**DEXTER, MICHIGAN 48130-0099**
**(734) 641-2300**

January 30, 2026

United States District Court
Attn: Clerk's Office
231 West Lafayette Boulevard, 5th Floor
Detroit, Michigan 48226-2700

      Re:   NEW FILING
              Mark W. Dobronski v. Ethos Technologies Inc., et al.

Dear Sir or Madam:

      Enclosed please find:

- Check number 1100, in the amount of $405.00, representing the filing fee;

- Civil Cover Sheet;

- Two (2) Summonses; and,

- Complaint

      Please file the Complaint in your usual course and return the signed Summonses to the attention of the undersigned.

      Thank you for your attention to this matter.

              Very truly yours,

              Mark W. Dobronski

MWD/hp

JS 44 (Rev. 10/20)      **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MARK W. DOBRONSKI

**DEFENDANTS**

ETHOS TECHNOLOGIES INC.,
ANTHONY AISAR SAADO, and
DOE TELEMARKETERS 1-10,

**(b)** County of Residence of First Listed Plaintiff   Washtenaw, MI
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Travis, TX
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane   [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product   Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument |    Liability   [ ] 367 Health Care/ | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel &   Pharmaceutical   Slander    Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'   Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) |    Liability   [ ] 368 Asbestos Personal   [ ] 340 Marine    Injury Product   [ ] 345 Marine Product    Liability | | [ ] 835 Patent - Abbreviated New Drug Application [ ] 840 Trademark | [ ] 460 Deportation [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits |    Liability   **PERSONAL PROPERTY** [ ] 350 Motor Vehicle   [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [X] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle   [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract |    Product Liability   [ ] 380 Other Personal | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal    Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise |    Injury   [ ] 385 Property Damage [ ] 362 Personal Injury -    Product Liability    Medical Malpractice | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) [ ] 863 DIWC/DIWW (405(g)) [ ] 864 SSID Title XVI [ ] 865 RSI (405(g)) | [ ] 890 Other Statutory Actions [ ] 891 Agricultural Acts [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation [ ] 791 Employee Retirement | | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights   **Habeas Corpus:** | Income Security Act | **FEDERAL TAX SUITS** | |
| [ ] 220 Foreclosure | [ ] 441 Voting   [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment   [ ] 510 Motions to Vacate | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/    Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 245 Tort Product Liability |    Accommodations   [ ] 530 General | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities -   [ ] 535 Death Penalty    Employment   **Other:** | [ ] 462 Naturalization Application [ ] 465 Other Immigration Actions | | |
| | [ ] 446 Amer. w/Disabilities -   [ ] 540 Mandamus & Other    Other   [ ] 550 Civil Rights [ ] 448 Education   [ ] 555 Prison Condition     [ ] 560 Civil Detainee -      Conditions of      Confinement | | | |

480

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 USC 227

Brief description of cause:
Illegal telemarketing calls

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 224,500.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE
January 30, 2026

SIGNATURE OF ATTORNEY OF RECORD
*Mark W. Dobronski*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

MLY TO SEAL

**PRIORITY MAIL**
**FLAT RATE ENVELOPE**
**POSTAGE REQUIRED**

UNITED STATES   **PRIORITY**®
MAIL

FROM:

MARK W. DOBRONSKI
PO BOX 99
DEXTER, MI 48130-0099



**UNITED STATES POSTAL SERVICE.**    *Retail*

**P**   **US POSTAGE PAID**
**$11.95**   Origin: 48130
01/30/26
2525100130-4

**PRIORITY MAIL®**

0 Lb 6.40 Oz
**RDC 03**

EXPECTED DELIVERY DAY:  02/02/26

C052

SHIP
TO:   231 W LAFAYETTE BLVD
DETROIT MI 48226-2700

**USPS TRACKING® #**

9505 5123 0462 6030 5787 80

ons apply).*

international destinations.

s required.

usions see the

limitations of coverage.

To schedule free Package Pickup,
scan the QR code.



**USPS.COM/PICKUP**


PAPER
POUCH

U.S. MARSHALS RECEIVED
FEB 03 2026
CLERK'S OFFICE
TO:  U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**ATTN: CLERK'S OFFICE**
**231 W LAFAYETTE BLVD FL 5**
**DETROIT, MI 48226-2700**

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Customer 2000. All rights reserved.

